IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 21, 2024

## THOMAS KERRY JORDAN v. ROXANA BIANCA JORDAN

**Appeal from the Circuit Court for Roane County**
**No. 2021-CV-44          Michael S. Pemberton, Judge**

___

### No. E2024-01731-COA-T10B-CV

___

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B § 2.02 from the trial court's denial of a motion for recusal. We have determined that the petition must be summarily dismissed because the petition for recusal appeal was untimely and the time for filing a petition for recusal appeal is jurisdictional and cannot be extended by this court. *See* Tenn. Sup. Ct. R. 10B, § 2.08. We also find that the petition would have to be dismissed due to numerous and substantive failures to comply with Rule 10B § 2.02, including the failure to file a copy of the affidavit in support of the motion for recusal as well as the trial court's order denying recusal. Accordingly, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Appeal Dismissed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Roxana Bianca Jordan, Kingston, Tennessee, Pro Se.

Joe R. Judkins, Aaron D. Duffey, Oak Ridge, Tennessee, for the appellee, Thomas Kerry Jordan.

### OPINION

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

"The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at \*2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at \*5 (Tenn. Ct. App. May 8, 2015); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at \*2 (Tenn. Ct. App. Mar. 30, 2015)). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id*. (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)).

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo is defined as 'anew, afresh, a second time.'" *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at \*2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B § 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B §§ 2.05 and 2.06.

## ANALYSIS

Roxana Bianca Jordan ("Petitioner") filed her Petition for Recusal Appeal on November 10, 2024, in which she seeks to overturn the decision by Judge Pemberton denying her motion for recusal, which order was entered on September 24, 2024.[1]

Interlocutory recusal appeals require "meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at \*2 (Tenn. Ct. App. Feb. 20, 2015). In pertinent part, Rule 10B requires:

> 1.01. *Any party seeking disqualification*, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, *shall do so by a written motion* filed promptly after a party learns or reasonably should have learned of the facts

---

[1] While Petitioner failed to include a copy of the trial court's order denying the recusal motion, which is required by Rule 10B § 2.03, the petition states that the order was entered on September 24, 2024.

establishing the basis for recusal. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. *The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials.* The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

.    .    .

2.02. *To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order.* In civil cases, a bond for costs as required by Tenn. R. App. P. 6 shall be filed with the petition. . . .

2.03. The petition for recusal appeal shall contain:

(a) A statement of the issues presented for review;

(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and

(d) A short conclusion, stating the precise relief sought.

Tenn. Sup. Ct. R. 10B (emphasis added). Additionally, Rule 10B § 2.03 requires that the petition "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal."

We acknowledge that Petitioner is not represented by counsel on appeal. Although "many pro se litigants have no legal training and little familiarity with the judicial system," pro se litigants must "comply[ ] with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citations omitted).

We begin our analysis of this appeal with this court's subject matter jurisdiction, as it is a threshold matter. Questions related to the court's subject matter jurisdiction "call into question the court's lawful authority to adjudicate a controversy brought before it, and,

therefore, should be viewed as a threshold inquiry. . . . [T]he burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) (internal quotation marks and citations omitted).

"To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, *a petition for recusal appeal shall be filed . . . within twenty-one days of the trial court's entry of the order*." *See* Tenn. Sup. Ct. R. 10B, § 2.02 (emphasis added). "[T]he time period for filing a petition for recusal appeal is jurisdictional and cannot be extended by this Court." *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *2 (Tenn. Ct. App. July 28, 2020) (citing Tenn. Sup. Ct. R. 10B, § 2.08).

The petition states that Judge Pemberton's order denying the motion to recuse was entered on September 24, 2024. The petition for recusal appeal was filed with the clerk of this court on November 19, 2024. More than twenty-one days expired between the filing of the order denying the motion for recusal and the filing of the petition for recusal appeal. Thus, this recusal appeal was untimely. *See* Tenn. Sup. Ct. R. 10B, § 2.02. Consequently, this court lacks jurisdiction to consider the merits of this appeal. *See Moncier v. Wheeler*, 2020 WL 4343336, at *2 (citing Tenn. Sup. Ct. R. 10B, § 2.08).

For completeness, we also note that the petition filed in this matter is not accompanied by, inter alia, a copy of the affidavit that supported the motion for recusal which is required pursuant to Rule 10B § 2.03. Thus, Petitioner has failed to file with this court an essential component of her recusal motion—the affidavit that states "with specificity, all factual and legal grounds supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. Accordingly, Petitioner has failed to present to this court any "evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." *Duke*, 398 S.W.3d at 671 (citations omitted).

For the foregoing reasons, we dismiss the appeal.

## IN CONCLUSION

This appeal is hereby dismissed, and this matter is remanded with costs of appeal assessed against Petitioner, Roxana Bianca Jordan.

_____
FRANK G. CLEMENT JR., P.J., M.S.

– 4 –